IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH LEE LEWIS, | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION 14-00367-KD-N |
| KARLA JONES, | : | |
| Respondent. | : | |

REPORT AND RECOMMENDATION

Petitioner, an Alabama prison inmate proceeding pro se, filed a petition under 28 U.S.C. § 2254 (Doc. 1). This action, which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and the standing order of general reference, is before the Court for Petitioner's failure to prosecute and to obey the Court's order.

On August 25, 2014, the Court ordered Petitioner to pay the $5.00 filing fee by September 25, 2014 (Doc. 5). On October 6, 2014, the Court extended the deadline to pay the $5.00 filing fee until November 6, 2014 (Doc. 6). Petitioner was warned that his failure to comply with the order within the prescribed time would result in a recommendation of dismissal of his action. Petitioner has not paid the $5.00 filing fee, nor has he otherwise responded to the Court's orders.

Due to Petitioner's failure to comply with the Court's order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82

S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 254 Cases (December 1, 2009). A certificate of appealability ("COA") may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). When a habeas petition is being dismissed on procedural grounds, such as in the instant case, without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v McDaniel. 59 U.S. 473, 484 (2000); see Miller-El v

Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Petitioner has failed to comply with the Court's orders and to prosecute this action, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further, *See* Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed, thus, he is not entitled to a certificate of appealabilty.

CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED without prejudice,** and that no Certificate of Appealability should issue.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 18th day of November, 2014.

s/KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE